## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**WILLIE MITCHELL**                                                     **PETITIONER**

**V.**                                             **CIVIL ACTION NO. 3:17CV492 CWR-LRA**

**WARDEN SHARON NASH**[1]                                       **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Willie Mitchell's petition for relief under 28 U.S.C. § 2241. Miller is incarcerated in the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi, and seeks to utilize the savings clause of 28 U.S.C. § 2255(e) to challenge the legality of a sentence imposed by the United States District Court for the District of South Carolina. Because sentencing challenges do not fall within the scope of the savings clause of § 2255(e), the petition should be dismissed for lack of jurisdiction.

Petitioner pleaded guilty and was sentenced in 2012 to possession with intent to distribute cocaine and felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922 (g)(1), 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(C). Because of prior felony drug convictions, he was sentenced as a career offender to an enhanced sentence of 188 months of imprisonment. *United States v. Mitchell*, No. 2:10-CR-562-DCN (D.S.C. Feb. 9, 2012). His post-conviction challenges to his conviction and sentence were subsequently denied, and he now seeks relief under § 2241 via the savings clause of 28 U.S.C. § 2255(e). *See United States v. Mitchell*, No. 2:10-CV-02580-DCN (D.S.C. July 23, 2015) (denying motion to

---

[1] The proper respondent in habeas challenges is the custodian of the petitioner. 28 U.S.C. §§ 2242-2243. At the time of filing, Petitioner correctly named Respondent as the warden at FCC-Yazoo. Because he has since been replaced, his successor is automatically substituted. Fed. R. Civ. P. 25(d).

vacate pursuant to § 2255); *United States v. Mitchell*, No. 15-7510, (4th Cir. Feb. 25, 2016) (denying certificate of appealability). Relying on *Descamps v. United States*, 570 U.S. 254 (2013), *Santillana v. Upton*, 846 F.3d 779 (5th Cir. 2017), and *United States v. Hinkle*, 832 F.3d 569 (2016), Mitchell argues that his sentencing enhancement is no longer valid. Because this Court lacks jurisdiction to review challenges to sentencing enhancements, the petition should be dismissed.

A federal prisoner may seek post-conviction relief under either § 2241 or § 2255, but the mechanisms are distinct. *St. Junius v. Boyle*, 729 F. App'x 326 (5th Cir. 2018) (citing *Pack v. Yuseff*, 218 F. 3d 448, 451 (5th Cir. 2000)). A § 2255 petition is "the primary means of collaterally attacking a federal sentence," and is properly brought in the district of conviction, while a § 2241 petition "is used to challenge the manner in which a sentence is executed" and is properly brought in the district of incarceration. *Robinson v. United States*, 812 F.3d 476 (5th Cir. 2016) (internal quotation marks and citation omitted). However, if a prisoner can show that the § 2255 remedy would be "*inadequate or ineffective to test the legality of [the prisoner's] detention,*" he may be permitted to bring a habeas corpus claim pursuant to § 2241 under the savings clause of 2255(e). *Reyes–Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001) (emphasis in original) (citation omitted). To invoke this exception, a petitioner must make a two-prong showing: (i) that his claim is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense;" and, (ii) that his claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States,* 243 F.3d 893 at 904. No such showing has been made here.

2

Petitioner has not satisfied the first prong.  None of the authorities cited by Mitchell are retroactively applicable Supreme Court decisions establishing that he was convicted of a nonexistent offense.  *See Descamps*, 570 U.S. at 258 (holding that "sentencing courts may not apply the modified categorical approach" to determine if a conviction is a violent felony under the ACCA when the crime of conviction "has a single, indivisible set of elements"); *Santillana*, 846 F.3d 779, 785 (5th Cir. 2017) (defendant convicted under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) "satisfied her burden to show that she was potentially convicted of a nonexistent offense" where Government was unable to prove "but for" causation of death); *United States v. Hinkle*, 832 F.3d 569 (2016) (addressing whether Texas statute for possession with intent to distribute qualifies as a controlled substance offense for purposes of a career-offender enhancement).  Accordingly, these cases cannot provide a basis for invoking the savings clause.

Petitioner's challenge is to the validity of his sentencing enhancement.  However, the Fifth Circuit has "repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e)."  *Vallery v. Johnson*, No. 18-31168, 2019 WL 4619745, at *1 (5th Cir. Sept. 23, 2019); *see also In re Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011) ("a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241").  Although Petitioner's post-convictions challenges have been unsuccessful, he cannot rely on § 2241 to avoid the procedural bars of § 2255.  Neither a prior unsuccessful § 2255 motion, nor the inability to meet AEDPA's second or successive requirement, renders § 2255 inadequate or ineffective.  *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

3

Because Petitioner fails to make the requisite showing to bring his claims within the savings clause of § 2255(e), the undersigned recommends that the petition be dismissed with prejudice for lack of jurisdiction for the reasons stated.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on August 19, 2020.

_____s/ Linda R. Anderson_____
UNITED STATES MAGISTRATE JUDGE
